# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *In re Application of the County Treasurer & ex officio County Collector*,
### 2013 IL App (3d) 120999

---

| | |
|---|---|
| Appellate Court Caption | *In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF WILL COUNTY, ILLINOIS, for Judgment and order of Sale Against Lands and Lots Returned Delinquent for Nonpayment of General Taxes for the Year 2007 (Lincoln Title Company, Petitioner-Appellee, v. Nomanbhoy Family Limited Partners, Respondent-Appellant). |
| District & No. | Third District<br>Docket No. 3-12-0999 |
| Filed | October 16, 2013 |
| Rehearing denied | December 6, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from a dispute over the issuance of a tax deed to respondent, the trial court properly denied respondent's motion to dismiss the petition filed under section 2-1401 of the Code of Civil Procedure seeking to declare the tax deed void, since the petitioner was a title insurance company that had issued a policy when the property was sold, the title company's obligation to provide clear title to the purchaser gave it standing to collaterally attack the tax deed, and the grant of the petition was affirmed, especially in view of the fact that respondent fraudulently procured the tax deed by failing to comply with the notice requirements under the statute; however, the cause was remanded to allow the trial court to order the title insurance company to reimburse respondent pursuant to section 22-80(b) of the Property Tax Code with a 90-day reimbursement date for the money respondent advanced to obtain the tax deed. |

| Decision Under Review | Appeal from the Circuit Court of Will County, No. 10-TX-324; the Hon. Barbara N. Petrungaro, Judge, presiding. |
|---|---|
| Judgment | Affirmed in part and reversed in part; cause remanded with directions. |
| Counsel on Appeal | Jeffrey S. Blumenthal (argued) and Rodney C. Slutzky, both of Slutzky & Blumenthal, of Chicago, for appellant. |
|  | Mindy S. Salyer, Amanda L. Moressi (argued), and Brittney B. Rykovich, all of Salyer Law Offices, LLC, of Chicago, for appellee. |
| Panel | JUSTICE CARTER delivered the judgment of the court, with opinion. Justices McDade and O'Brien concurred in the judgment and opinion. |

**OPINION**

¶ 1    After respondent, Nomanbhoy Family Limited Partners (Nomanbhoy), obtained a tax deed to certain residential real property (the subject property) in Will County, Illinois, petitioner, Lincoln Title Company (Lincoln Title) filed a petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010)) to declare the tax deed void and to vacate the order that directed the issuance of the tax deed. Nomanbhoy filed a motion to dismiss (735 ILCS 5/2-619 (West 2010)), alleging that Lincoln Title lacked standing to file a section 2-1401 petition to collaterally attack the tax deed. After a hearing, the trial court denied the motion to dismiss, took the case under advisement, and subsequently issued a ruling granting Lincoln Title's section 2-1401 petition. Nomanbhoy filed a motion to reconsider, which the trial court denied. A few weeks later, Nomanbhoy filed an emergency motion to vacate the previous order that granted the section 2-1401 petition, alleging that the trial court had failed to consider Nomanbhoy's right to reimbursement and that no reimbursement had been made as required by statute. The trial court denied that motion, as well. Nomanbhoy appeals, challenging the trial court's rulings: (1) denying Nomanbhoy's motion to dismiss; (2) granting Lincoln Title's section 2-1401 petition (and denying Nomanbhoy's motion to reconsider); and (3) denying Nomanbhoy's emergency motion to vacate the prior order. For the reasons that follow, we affirm the trial court's orders denying the motion to dismiss and granting the section 2-1401 petition, we reverse in part the trial court's order denying the emergency motion, and we remand this case with directions for further proceedings.

¶ 2                                                    FACTS

¶ 3          On November 6, 2008, Nomanbhoy purchased the subject property at the annual tax sale
for the delinquent 2007 general real estate taxes and was later issued a certificate of purchase.
The subject property was improved with a single-family home and was owned at the time by
Salta Group, Inc. (Salta), which, coincidentally, had previously acquired the property through
the tax-sale process. Under section 22-5 of the Property Tax Code (35 ILCS 200/22-5 (West
2010)), to be entitled to a tax deed later in the process, Nomanbhoy was required to deliver
a take notice to the county clerk (clerk) within 4 months and 15 days after the sale so that an
official take notice could be sent by the clerk to the assessee of record. Nomanbhoy failed
to deliver a section 22-5 take notice to the clerk and instead, allegedly, erroneously mailed
the notice by regular mail to Salta at various addresses. It appears from the record that three
different section 22-5 notices were allegedly sent by Nomanbhoy to Salta on various dates.
The first two notices, entitled, "TAKE NOTICE," incorrectly listed November 4, 2010, as
the date for the expiration of the redemption period (redemption date). The third notice,
entitled, "LEGAL NOTICE," incorrectly listed the redemption date as May 7, 2010. Because
the subject property was improved with a single-family home, the actual redemption date was
May 6, 2011 (two years and six months from the date of sale). See 35 ILCS 200/21-350(b)
(West 2010).

¶ 4          On November 19, 2010, Nomanbhoy filed a verified petition for tax deed to the subject
property. The petition stated, among other things, that Nomanbhoy had fully complied with
all of the provisions of the statutes and Illinois constitution relating to tax sales and would
be entitled to a tax deed if the subject property was not redeemed. Later that same month,
Nomanbhoy filed a motion asking the trial court to direct the county clerk to post
Nomanbhoy's costs to the redemption records. The clerk's office, aware that Nomanbhoy
had failed to deliver a section 22-5 take notice to it and believing, therefore, that Nomanbhoy
would not be able to obtain a tax deed to the subject property, refused to post the costs unless
it was ordered to do so by the court. A hearing was held on the motion on December 16,
2010, at which Nomanbhoy's attorney at the time, attorney James, appeared on behalf of
Nomanbhoy and attorney Mock appeared on behalf on the county clerk. James acknowledged
that a section 22-5 take notice had not been provided to the clerk and that his client had
erroneously sent the notice by mail. James told the trial court that although he believed that
only substantial compliance with section 22-5 was required, the issue regarding the notice
was not yet ripe for the court to determine and that it would be litigated if the case proceeded
to a tax deed or possibly not at all, if the taxes were redeemed. The trial court found that the
issue regarding the take notice was not before it at that time and directed the clerk to post the
costs to the redemption record.

¶ 5          In February 2011, Nomanbhoy filed a motion to extend the redemption date from May
6, 2011, to October 21, 2011, and to amend the petition for tax deed accordingly. On March
10, 2011, the trial court granted Nomanbhoy's motion, ordered the clerk to extend the
expiration of the redemption date to October 21, 2011, and set the case for hearing on the
amended verified petition for tax deed for October 28, 2011. The amended verified petition
for tax deed was filed that same day, March 10, 2011. It contained the same representation
as the original petition–that Nomanbhoy had fully complied with all of the statutes and

Illinois Constitution relating to tax sales and would be entitled to a tax deed if the subject property was not redeemed. Within the time provided for by statute, Nomanbhoy had a section 22-10 (35 ILCS 200/22-10 (West 2010)) take notice served on the clerk and on an agent or officer of Salta. Upon receiving the section 22-10 take notice, the clerk sent out its own official notice, which appears in the court file. The sheriff attempted to serve notice at the subject property as required by section 22-15 (35 ILCS 200/22-15 (West 2010)), but that attempt was unsuccessful and it was indicated on the return of service that the subject property was vacant and for sale. Notice was also made by publication as provided for in section 22-20 (35 ILCS 200/22-20 (West 2010)) and a certificate of publication was filed with the court.

¶ 6        A hearing on the petition for tax deed took place as scheduled on October 28, 2011, before the same judge that had heard the motion to direct the clerk to post the costs in December 2010. No one appeared at the hearing other that Nomanbhoy's attorney, attorney James. James did not inform or remind the trial court of the fact that the section 22-5 take notice had not been provided to the clerk as required and that an official version of that notice had not been sent out. Nomanbhoy filed an application in support of its request for an order directing the issuance of a tax deed and stated in that application, among other things, that the applicable notices were given to the occupants of the property, the recorded parties in interest, and the county clerk as required by law and cited sections 22-5 through 22-30 of the Property Tax Code (35 ILCS 200/22-5 through 22-30 (West 2010)). Nomanbhoy also stated in the application that it had complied with all of the statutes relating to the issuance of tax deeds and that it was entitled to a tax deed to the subject property. Attached to the application as supporting documents were, among other things, copies of the three section 22-5 take notices that were allegedly mailed out by Nomanbhoy. After reviewing the supporting documents, the trial court entered an order directing the clerk to issue a tax deed for the subject property to Nomanbhoy. As part of that order, the trial court found that Nomanbhoy had fully complied with all of the statutes and Illinois Constitution relating to sales of real estate for taxes and for the issuance of tax deeds. Nomanbhoy recorded its tax deed in Will County on December 9, 2011.

¶ 7        On March 6, 2012, Lincoln Title filed its section 2-1401 petition to declare the tax deed void and to vacate the order that directed the issuance of the tax deed.[1] In count I of the

---

[1]The actual document appears to be a combination of a motion to declare the tax deed void pursuant to section 22-85 of the Property Tax Code and a petition to vacate the order directing the issuance of the tax deed pursuant to section 22-45 of the Property Tax Code and section 2-1401 of the Code of Civil Procedure. Because we believe that the entire document was properly brought under section 2-1401, we will simply refer to the document as a section 2-1401 petition. See *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104-05 (2002) (a petition under section 2-1401(f) is the proper method of collaterally attacking a void judgment); *In re Application of the County Treasurer*, 2012 IL App (1st) 101976, ¶ 45 (*CCPI*) (a tax deed was void with no right to reimbursement because it had not been recorded within one year of the redemption date as required by section 22-85 of the Property Tax Code and should have been set aside as provided for in section 2-1401(f) of the Code of Civil Procedure).

petition, Lincoln Title alleged that the tax deed was void because it had not been recorded by Nomanbhoy within one year after the redemption date as required by section 22-85 of the Property Tax Code (35 ILCS 200/22-85 (West 2010)). Lincoln Title claimed that the legal notice that Nomanbhoy had allegedly mailed to the required parties set the redemption date as May 7, 2010; that the redemption period was not extended by Nomanbhoy prior to that date and ended on that date; and that Nomanbhoy failed to record the deed within one year from the May 7, 2010, redemption date. In count II of the petition, Lincoln Title alleged that the order directing the issuance of the tax deed should be vacated because the tax deed was procured by fraud in that despite knowing that an official section 22-5 take notice was never sent out by the county clerk or an original redemption date set because the section 22-5 take notice had not been provided by Nomanbhoy to the county clerk as required by section 22-5, Nomanbhoy represented to the court in its application that it had complied with all of the statutory notice requirements and made no representation to the trial court at the hearing that its section 22-5 take notice was defective. Lincoln Title alleged further that Nomanbhoy had attached to its application copies of unfiled section 22-5 take notices (the ones that had been erroneously mailed out) in an attempt to deceive the trial court into believing that the mandatory section 22-5 take notice had been delivered to the clerk. Lincoln Title claimed that the entire tax deed proceeding was a complete nullity due to Nomanbhoy's failure to file, serve, and set the original redemption date with the clerk. As a second part of count II, Lincoln Title asserted that it was entitled to equitable redemption because it would have redeemed the tax sale but, in reliance on the county clerk's official records and statements, it believed that the tax sale was "dead" because Nomanbhoy had failed to file the required section 22-5 take notice with the clerk within the required time period. Lincoln Title also asserted in its petition that it had acted diligently in bringing its section 2-1401 petition and that it had reasonably and justifiably relied upon an error by the county clerk. As for its interest in the matter, Lincoln Title indicated in its petition that on or about February 9, 2012, it received a demand from a title guaranty company to cure a defect in title caused by the instant tax deed issuing.

¶ 8     On March 12, 2012, attorney James filed a motion to withdraw as counsel of record for Nomanbhoy, citing irreconcilable differences. The trial court granted the motion to withdraw; gave Nomanbhoy 21 days to file a supplemental appearance; gave Nomanbhoy until May 3, 2012, to file its answer or other pleading in response to the section 2-1401 petition; continued the case for a status hearing; and set a hearing on the section 2-1401 petition for May 24, 2012. On the April 5, 2012, status date, the hearing on the section 2-1401 petition was continued to June 4, 2012, and Nomanbhoy was given until May 15, 2012, to answer or otherwise plead. On the June 4 hearing date, the hearing on the section 2-1401 petition was continued over Lincoln Title's objection to July 2, 2012, attorney Schroeder was granted leave to file an appearance on behalf of Nomanbhoy, and Nomanbhoy was given until June 18, 2012, to file an answer or other pleading in response to the section 2-1401 petition. On June 15, 2012, attorney Schroeder filed a motion to extend his time to respond to the petition. That motion was granted, Schroeder was given until June 29, 2012, to file his response, and the hearing on the section 2-1401 petition was continued until July 9, 2012. On June 28, 2012, attorneys Morthland and Phipps entered their appearance for Nomanbhoy

and filed a section 2-619 motion to dismiss the section 2-1401 petition, alleging that Lincoln Title lacked standing to collaterally attack the tax deed because Lincoln Title had no recorded interest in the subject property and was a "complete stranger" to the subject property's title. Morthland and Phipps filed no other response to the section 2-1401 petition. Lincoln Title filed a response opposing the motion to dismiss. In its response, Lincoln Title asserted, among other things, that as the title insurer to the policy issued on the subject property at its sale during the tax deed proceeding, it had an unequivocal injury in fact and a legally cognizable interest in attacking the validity of the tax deed and the propriety of the tax deed proceeding and, thus, that it had standing to bring the section 2-1401 petition.

¶ 9        A hearing was held on the section 2-1401 petition and on the motion to dismiss on July 9, 2012, as previously scheduled. Attorney Phipps appeared for Nomanbhoy. At the outset of the hearing, the trial court asked whether either attorney needed more time to do any additional briefing of the issues and if the attorneys were ready to argue the matter. Neither attorney requested additional time at that point. No evidence was presented at the hearing, just the arguments of the attorneys. Phipps argued that Lincoln Title lacked standing and that the motion to dismiss should be granted. During its argument, Lincoln Title elaborated further on its interest in the property, stating that Salta was trying to close on the sale of the property to a third party and that Lincoln Title had issued a title insurance policy on the subject property based upon its search of the records. Lincoln Title argued that it had standing, that the motion to dismiss should be denied, and that the section 2-1401 petition should be granted. Phipps responded to Lincoln Title's argument as to whether the section 2-1401 petition should be granted, although somewhat briefly and primarily in the context of standing. At the conclusion of the hearing, the trial court denied Nomanbhoy's motion to dismiss and took the section 2-1401 petition under advisement. Phipps made no objection or request of the trial court at that time. On July 11, 2012, the trial court issued a written decision granting Lincoln Title's section 2-1401 petition. In reaching that conclusion, the trial court found that Nomanbhoy had failed to file its section 22-5 take notice with the county clerk and implicitly ruled that the deed had been procured by fraud because Nomanbhoy represented in its application in support of its request for a tax deed that it had complied with all of the statutory requirements pursuant to section 22-5 and that all of the applicable notices required by law were given. The trial court made no statement in its ruling about count I of the section 2-1401 petition or about section 22-85 of the Property Tax Code.

¶ 10        Attorney Morthland filed a motion to reconsider on behalf of Nomanbhoy. In the motion, Morthland alleged that prior to the July 9 hearing, he had agreed with counsel for Lincoln Title that the only matter that would be heard at the hearing was Nomanbhoy's motion to dismiss, that he was personally unable to attend the hearing, and that he had his associate (Phipps) appear for the purpose of arguing the motion to dismiss. Morthland pointed out that no discovery had been conducted in this case and asked the trial court to reconsider its ruling and to allow the parties to present further evidence after discovery had been conducted. Morthland alleged further that the issue of the defective take notice had previously been

litigated before the trial court at a prior hearing.[2] Morthland claimed that because the trial court was previously informed of the issue of the defective take notice at the prior hearing and had knowledge of the issue, no facts or circumstances were withheld from the court, and Nomanbhoy's statement in the application was not fraudulent. Morthland represented further that it was undisputed that the owner of record at the time received the section 22-5 take notice by regular mail. Attached to the motion to reconsider was the affidavit of Shabbir Nomanbhoy, a limited partner of Nomanbhoy. In the affidavit, Shabbir attested that after he received the certificate of purchase, he mailed by regular mail a take notice to the assessee of record, Salta; that after mailing several notices to Salta, Shabbir had a phone conversation with Marshall Atlas, an officer and director of Salta; that Atlas acknowledged that he had received the section 22-5 take notice sent by Shabbir; that Atlas informed Shabbir that he did not intend to redeem the taxes and offered Shabbir $2,000 to " 'go away' "; and that Atlas told Shabbir that Shabbir had legal problems with his petition and that he was not going to get his money back. Nomanbhoy also filed a memorandum of law in support of its motion to reconsider.

¶ 11    Lincoln Title filed a response and opposed the motion to reconsider. Lincoln Title denied that it had an agreement with Morthland to proceed only on the motion to dismiss at the July 9 hearing and stated that it informed opposing counsel that it was going to proceed on its section 2-1401 petition. Lincoln Title pointed out that at the hearing on the posting of costs, the trial court did not make a determination as to the effect of Nomanbhoy's failure to comply with the notice requirements of section 22-5. Attached to Lincoln Title's response was a copy of the transcript from the hearing regarding the posting of costs.

¶ 12    A hearing was held on the motion to reconsider in October 2012. During his argument, Morthland clarified his prior statement and noted that although the trial court was fully informed of the issue with the defective take notice, it did not decide that issue at the hearing regarding the posting of costs. In addition to the arguments raised in his motion, Morthland also told the trial court that under the Property Tax Code when an order directing the issuance of a tax deed was vacated, the trial court had to include language in the order that the successful party had 90 days to redeem, and that if the successful party did not redeem within that period, the order vacating the tax deed was null and void. After the hearing on the motion to reconsider had concluded, the trial court took the matter under advisement. On October 29, 2012, the trial court issued a written ruling denying the motion to reconsider.

¶ 13    On November 14, 2012, attorney Blumenthal entered an appearance on behalf on Nomanbhoy and filed an emergency motion to vacate the July 11, 2012, court order (the one that granted the section 2-1401 petition) in accordance with section 22-80 of the Property Tax Code (35 ILCS 200/22-80(b) (West 2010)). In the motion, Nomanbhoy alleged that Lincoln Title had failed to pay the redemption amount within the 90-day period following

<hr />

[2]Morthland cited the wrong prior hearing in his motion to reconsider, asserting that the matter had been litigated at the March 10, 2011, hearing on Nomanbhoy's request to extend the redemption date and to amend its verified petition for tax deed. Lincoln Title cited the correct prior hearing in its response to the motion to reconsider as the December 16, 2010, hearing on Nomanbhoy's motion regarding the posting of costs.

the vacation of the tax deed as required by section 22-80. Nomanbhoy alleged further that pursuant to the statute, Lincoln Title's motion to vacate had to be denied with prejudice and the order directing the issuance of the tax deed had to remain in full force and effect. Lincoln Title filed a response opposing the emergency motion. In November 2012, after a hearing, the trial court denied the emergency motion. Nomanbhoy appealed.

¶ 14                                    ANALYSIS

¶ 15    As its first point of contention on appeal, Nomanbhoy argues that the trial court erred in denying its section 2-619 motion to dismiss Lincoln Title's section 2-1401 petition. Nomanbhoy asserts that the motion should have been granted because Lincoln Title lacked standing to file a section 2-1401 petition to collaterally attack the tax deed. Nomanbhoy contends that because Lincoln Title had no title or interest in the property and was not the intended recipient of the section 22-5 take notice, it had no standing to assert the deficient section 22-5 take notice as a basis to collaterally attack the tax deed in the section 2-1401 petition. Lincoln Title disagrees and asserts that a title company has a legally cognizable interest in securing good title and in providing title insurance and that Nomanbhoy's failure to provide the required section 22-5 notice in the instant case affected Lincoln Title directly because it prevented Lincoln Title from redeeming the property during the redemption period, based upon Lincoln Title's reliance upon information in the judgment book. Lincoln Title contends, therefore, that it had standing to file a section 2-1401 petition to collaterally challenge the tax deed and that the trial court's denial of Nomanbhoy's motion to dismiss should be upheld.

¶ 16    A trial court's ruling on a section 2-619 motion to dismiss is subject to *de novo* review on appeal. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 368 (2003). In conducting that review, the court must construe all of the pleadings and supporting documents in the light most favorable to the nonmoving party. *Id.* at 367-68. Under section 2-619(a)(9), which allows a litigant to obtain an involuntary dismissal of a claim against him if that claim is completely negated or defeated by other "affirmative matter" in the nature of a defense (735 ILCS 5/2-619(a)(9) (West 2010); *Van Meter*, 207 Ill. 2d at 367), lack of standing may be raised as a basis for dismissal (*International Union of Operating Engineers, Local 148 v. Illinois Department of Employment Security*, 215 Ill. 2d 37, 45 (2005) (*Local 148*)). In addition, the issue of standing is a question of law and is also subject to *de novo* review on appeal. *Powell v. Dean Foods Co.*, 2012 IL 111714, ¶ 35.

¶ 17    In simple form, the question of standing asks whether a certain party is entitled to have the court decide the merits of a particular issue or dispute. See *id.* ¶ 36; *In re Estate of Wellman*, 174 Ill. 2d 335, 344-45 (1996). The doctrine of standing requires that a litigant, either in an individual or representative capacity, have a real interest in the action brought before the court and in its outcome. *Powell*, 2012 IL 111714, ¶¶ 35-36. The purpose of the doctrine is to ensure that courts decide actual specific controversies and not abstract or moot questions. *Id.* ¶ 36. In keeping with that principle, a party generally may not complain about an error that does not prejudicially affect that party. *Id.*; *Clark v. Zaleski*, 253 Ill. 63, 84 (1911) (in a partition suit brought after a tax lien foreclosure proceeding, appellants could

not assert as a basis to attack the foreclosure proceeding that a person, who was possibly a necessary party, was erroneously dismissed from the case, when that person did not appeal the dismissal order and was not one of the appellants); *In re Application of the County Collector for Judgment & Order of Sale Against Lands & Lots Returned Delinquent for Non-Payment of General Taxes & Special Assessments for the Year 1983 & Prior Years*, 206 Ill. App. 3d 22, 30-31 (1990) (former owners of the subject property had no standing to assert in a section 2-1401 petition to vacate a tax deed that the acquiring party, prior to obtaining the tax deed, had failed to reimburse the city for certain expenditures related to the property as was required by statute for a tax deed to issue). Rather, a party may only assert its own legal rights and interests and may not base a claim for relief upon the rights of a third party. *Powell*, 2012 IL 111714, ¶ 36.

¶ 18        To have standing to bring suit in Illinois, a party need only have some injury in fact to a legally cognizable interest. *Id.* ¶ 35; *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 492 (1988). A plaintiff is not required to allege facts to establish standing. *Local 148*, 215 Ill. 2d at 45. Instead, the burden is on the defendant to plead and prove a lack of standing. *Id.* Specifically as to tax deed proceedings, to have standing to file a section 2-1401 petition to collaterally attack a tax deed, a petitioner must have *bona fide* title or interest in the property. See *In re Application of Hamilton County Treasurer*, 96 Ill. App. 3d 158, 162 (1981) (*Gholson*) (addressing the prior version of the statute). Any party that has such an interest in the property that he or she would have been entitled to redeem has the right to bring suit to set aside a tax sale and to have the tax deed declared void. *Miller v. Cook*, 135 Ill. 190, 203 (1890) (the right to bring a suit to set aside a tax sale and to have the deed declared void is not confined to the original owner of the land and may be exercised by his mortgagee or by any person who can show such an interest in the property as would have entitled him to redeem). A party may redeem on behalf of the owner even where the party lacks any interest in the property or lacks explicit authorization from the owner. *In re Application of the County Treasurer & ex officio County Collector*, 301 Ill. App. 3d 672, 679 (1998) (*Choice Properties*). Just because a party redeemed out of his own economic interest does not mean that he did not do so on behalf of the owner as well. *Id.* The relationship between the party redeeming the property and the owner may be of such a nature that a valid redemption promotes both of their interests. *Id.*

¶ 19        In the present case, under the circumstances presented, we believe that Lincoln Title had standing to file the section 2-1401 petition to collaterally attack the tax deed. Although Lincoln Title did not have an ownership interest in the property, as the company that had issued a title insurance policy on the subject property, it clearly could have redeemed the taxes on the subject property on behalf of the owner, Salta. See *id.* As Salta's title insurer, Lincoln Title would be expected to act on Salta's behalf to preserve Salta's ownership of the property and to fulfill its contractual obligation to Salta to provide or insure clear title to the property. See *id.* Because Lincoln Title had the right to redeem the property on behalf of Salta, it had standing to file a section 2-1401 petition to collaterally attack the tax deed that had issued. See *Miller*, 135 Ill. at 203. We conclude, therefore, that the trial court properly denied Nomanbhoy's section 2-619 motion to dismiss.

¶ 20        In reaching that conclusion, we acknowledge that the Second District of the Appellate

Court in *Choice Properties*, cited above, stated in *dicta* that it did not believe that a title company was "a person interested in the property" as referenced in section 21-345 of the Property Tax Code (35 ILCS 200/21-345 (West 2010)) regarding who had the right to redeem the taxes. See *Choice Properties*, 301 Ill. App. 3d at 675-76. We note, however, that the appellate court in *Choice Properties* went on to find that the title company in that case could still redeem the taxes and that it would be presumed that the title company did so on behalf of the owner. *Id.* at 679. Thus, without deciding whether we agree with the Second District's statement regarding whether a title company that issues a policy on the property is an "interested party," we still believe that the appellate court's ruling in *Choice Properties*–that the title company could redeem the taxes–supports our finding of standing in the instant case. See *Miller*, 135 Ill. at 203 (a party that would be entitled to redeem has the right to bring suit to set aside a tax sale and to have the tax deed declared void).

¶ 21    As its second point of contention on appeal, Nomanbhoy argues that the trial court erred in granting Lincoln Title's section 2-1401 petition. Nomanbhoy asserts first that Lincoln Title was not entitled to relief under count I of the petition because the tax deed was recorded within one year of the redemption date as required and was not, therefore, void pursuant to section 22-85 of the Property Tax Code. Second, Nomanbhoy asserts that Lincoln Title was also not entitled to relief under count II of the petition because Lincoln Title could not establish that it acted with due diligence as necessary to recover under section 22-45 of the Property Tax Code. Lincoln Title disagrees with those assertions and argues that the trial court's ruling was proper and should be affirmed.

¶ 22    Although traditionally an abuse of discretion standard of review was applied on appeal to a trial court's ruling on a section 2-1401 petition, in *People v. Vincent*, 226 Ill. 2d 1, 14 (2007), our supreme court held that a *de novo* standard of review was a more appropriate standard to be applied in cases in which the trial court either dismissed the section 2-1401 petition or ruled on the petition based on the pleadings alone, without an evidentiary hearing. *Id.* at 14-18. As the trial court in the instant case ruled on the section 2-1401 petition on the pleadings alone and did not hold an evidentiary hearing, we will apply a *de novo* standard of review in determining whether the section 2-1401 petition was properly granted. See *id.*

¶ 23    Turning to the merits of this issue, we note that a party's ability to set aside a tax deed is very limited. See 35 ILCS 200/22-45, 22-55 (West 2010). Under section 22-45 of the Property Tax Code, there are only three ways in which a party may challenge a tax deed: (1) by filing a direct appeal from the order directing the issuance of the deed; (2) by filing a motion for relief under section 2-1203 of the Code of Civil Procedure (735 ILCS 5/2-1203 (West 2010)); or by filing a petition for relief under section 2-1401 of the Code of Civil Procedure. Section 22-45 further limits the grounds for which relief from a tax deed may be obtained under section 2-1401 to the following four situations: (1) where there is proof that the taxes were paid prior to sale; (2) where there is proof that the property was exempt from taxation; (3) where there is proof by clear and convincing evidence that the tax deed had been procured by fraud or deception by the tax purchaser or his assignee; or (4) where there is proof that a party with a recorded ownership or other recorded interest was not named in the required publication notice and the tax purchaser or his assignee did not make a diligent inquiry and effort to serve that party with the required notices. 35 ILCS 200/22-45 (West

2010). In addition, section 22-85 of the Property Tax Code provides that a tax deed is "absolutely void with no right to reimbursement" unless it is recorded by the tax purchaser within one year after the redemption date. 35 ILCS 200/22-85 (West 2010). Thus, a party seeking to set aside a tax deed could also allege in a section 2-1401 petition that the deed is void because the tax purchaser failed to record it within the one-year period. See 735 ILCS 5/2-1401(f) (West 2010); 35 ILCS 200/22-85 (West 2010); *Sarkissian*, 201 Ill. 2d at 104-05; *CCPI*, 2012 IL App (1st) 101976, ¶ 45; *In re Application of the County Treasurer & ex officio County Collector*, 333 Ill. App. 3d 355, 360-62 (2002). Although a section 2-1401 petitioner generally has to establish that he acted with due diligence in trying to prevent the underlying order and in filing the section 2-1401 petition, no such showing is required when the section 2-1401 petitioner alleges that the underlying order is void. See *Sarkissian*, 201 Ill. 2d at 104.

¶ 24    In the present case, after having reviewed the record, we agree with Nomanbhoy's first assertion that there is no legal basis upon which to find that the tax deed is void for failure to record the deed within one year after the redemption date as provided for in section 22-85. Regardless of the erroneous dates listed in Nomanbhoy's alleged section 22-5 take notices and legal notice, the redemption date was initially set by statute as May 6, 2011, two and a half years from the date of purchase. See 35 ILCS 200/21-350(b) (West 2010). That date was properly extended by Nomanbhoy to October 21, 2011. See 35 ILCS 200/21-385 (West 2010). On November 9, 2011, less than one month after the October 21, 2011, redemption date, Nomanbhoy recorded the tax deed. Thus, there simply is no merit to Lincoln Title's assertion to the contrary and no law to support Lincoln Title's assertion that the listing of an erroneous redemption date in a legal notice sets the redemption date for the purpose of when an extension must be requested or a tax deed recorded. Indeed, it does not appear that the trial court based its decision on count I of the section 2-1401 petition since the trial court's initial order made no mention of count I or of section 22-85.

¶ 25    That having been said, we do not agree with Nomanbhoy's second assertion, that there was no basis under section 22-45 for the trial court to grant the section 2-1401 petition. In making its initial ruling, the trial court found that Nomanbhoy procured the deed through fraud, and Nomanbhoy has not challenged that finding on appeal. The finding itself is well supported as the record demonstrates that Nomanbhoy was keenly aware of the problems with its section 22-5 take notice, that it failed to remind the trial court of those problems when it appeared before the court to obtain an order for the issuance of the tax deed, and that it represented in several pleadings that it had complied with the notice requirements under the law. See, *e.g.*, *In re Application of the County Treasurer*, 347 Ill. App. 3d 769, 780-81 (2004) (in a section 2-1401 proceeding to set aside a tax deed, the appellate court found that the tax purchaser had procured the tax deed by fraud when the tax purchaser falsely or erroneously represented to the trial court that all of the notices required by law had been given, that all of the occupants of the subject property had already been served, and that it was entitled to the issuance of a tax deed, and failed to inform the trial court that the husband of the owner of the property, who was listed on the mortgage as the owner's husband and who had a potential interest as a probable occupant of the property, had not been served with notice); *In re Tax Deed Petition of Thomas*, 225 Ill. App. 3d 861, 863-64 (1992) (in a section

2-1401 proceeding to set aside a tax deed, the appellate court held that the tax deed was procured by fraud when the tax purchaser misread the property records and failed to notify mortgagee of the expiration of the redemption period); *In re Application of County Treasurer*, 67 Ill. App. 3d 122, 131-32 (1978) (in a collateral proceeding to set aside a tax deed, the appellate court affirmed the trial court's finding of fraud in the procurement of the tax deed when the person who had performed the tax and title search on behalf of the tax purchaser withheld certain information from the trial court when he testified at the hearing for the tax deed). Any claims regarding Lincoln Title's lack of due diligence in either the issuance of the tax deed itself or in the bringing of the section 2-1401 petition were forfeited by Nomanbhoy when it failed to make those claims in the trial court. See *Norway Tree Farm, Inc. v. Baugher*, 8 Ill. App. 3d 1061, 1062 (1972) ("issues, questions, points or contentions not presented in the trial court and properly preserved for review will not be considered on appeal").

¶ 26    Although Nomanbhoy contends that it was prevented from making those claims when the trial court unexpectedly ruled upon the section 2-1401 petition, instead of just ruling upon the motion to dismiss, it is abundantly clear from the record that the trial court gave Nomanbhoy numerous opportunities to respond to the section 2-1401 petition when the trial court repeatedly continued the hearing on the petition and repeatedly extended the date by which Nomanbhoy was supposed to respond. In addition, at the start of the July 9, 2012, hearing, the trial court specifically inquired whether either attorney needed more time to do additional briefing and whether the attorneys were ready to argue the matter. Nomanbhoy's attorney did not ask for additional time to respond or attempt to clarify what the court was going to be ruling on at the hearing. Furthermore, at the end of that hearing, when the trial court denied the motion to dismiss and took the section 2-1401 petition under advisement so that it could make a ruling, Nomanbhoy's attorney made no objection or request for additional time to address the merits of the section 2-1401 petition. Under those circumstances, we cannot accept Nomanbhoy's contention that the trial court was to blame for Nomanbhoy's failure to raise certain arguments at the trial level in response to the section 2-1401 petition. See *Vincent*, 226 Ill. 2d at 9 (if a section 2-1401 respondent does not answer the petition, the lack of an answer constitutes an admission of all well-pleaded facts and the trial court may decide the matter on the pleadings and supporting documents before it, including the record of the prior proceedings).

¶ 27    As its final point of contention on appeal, Nomanbhoy argues that the trial court erred in denying its emergency motion to vacate the July 11, 2012, order pursuant to section 22-80 (35 ILCS 200/22-80 (West 2010)) of the Property Tax Code. Nomanbhoy asserts that because the tax deed was not void, Lincoln Title was required to make reimbursement within 90 days of the July 11, 2012, order as required by section 22-80(b) (35 ILCS 200/22-80(b) (West 2010)), or the July 11, 2012, order was to be vacated and the tax deed was to remain in full force and effect. Lincoln Title argues that the trial court's denial of the emergency motion was proper and should be affirmed. Lincoln Title asserts first that the tax deed was void under section 22-85 with no right to reimbursement because Nomanbhoy failed to record the deed within one year after the redemption date. Since we have already rejected that assertion above, we will not address it further here. Second, Lincoln Title asserts that the

section 22-80 reimbursement requirement did not apply in this case because the tax deed was not validly issued since Nomanbhoy failed to comply with the take notice requirements of section 22-5. Lincoln Title asserts further that at no time did the trial court enter an order requiring Lincoln Title to make reimbursement.

¶ 28   As this issue was essentially one that was part of, or should have been part of, the trial court's ruling on the section 2-1401 petition, which was decided on the pleadings and without an evidentiary hearing, we will review this issue *de novo* on appeal. See *Vincent*, 226 Ill. 2d at 14-18. Section 22-80 of the Property Tax Code provides:

"(a) Any order of court vacating an order directing the county clerk to issue a tax deed based upon a finding that the property was not subject to taxation or special assessment, or that the taxes or special assessments had been paid prior to the sale of the property, or that the tax sale was otherwise void, shall declare the tax sale to be a sale in error pursuant to Section 21-310 of this Act. The order shall direct the county collector to refund to the tax deed grantee or his or her successors and assigns (or, if a tax deed has not yet issued, the holder of the certificate) the following amounts:

(1) all taxes and special assessments purchased, paid, or redeemed by the tax purchaser or his or her assignee, or by the tax deed grantee or his or her successors and assigns, whether before or after entry of the order for tax deed, with interest at the rate of 1% per month from the date each amount was paid until the date of payment pursuant to this Section;

(2) all costs paid and posted to the judgment record and not included in paragraph (1) of this subsection (a); and

(3) court reporter fees for the hearing on the application for tax deed and transcript thereof, cost of certification of tax deed order, cost of issuance of tax deed, and cost of recording of tax deed.

(b) Except in those cases described in subsection (a) of this Section, and unless the court on motion of the tax deed petitioner extends the redemption period to a date not later than 3 years from the date of sale, any order of court finding that an order directing the county clerk to issue a tax deed should be vacated shall direct the party who successfully contested the entry of the order to pay to the tax deed grantee or his or her successors and assigns (or, if a tax deed has not yet issued, the holder of the certificate) within 90 days after the date of the finding:

(1) the amount necessary to redeem the property from the sale as of the last day of the period of redemption, except that, if the sale is a scavenger sale pursuant to Section 21-260 of this Act, the redemption amount shall not include an amount equal to all delinquent taxes on such property which taxes were delinquent at the time of sale; and

(2) amounts in satisfaction of municipal liens paid by the tax purchaser or his or her assignee, and the amounts specified in paragraphs (1) and (3) of subsection (a) of this Section, to the extent the amounts are not included in paragraph (1) of this subsection (b).

If the payment is not made within the 90-day period, the petition to vacate the order

-13-

directing the county clerk to issue a tax deed shall be denied with prejudice, and the order directing the county clerk to issue a tax deed shall remain in full force and effect. No final order vacating any order directing the county clerk to issue a tax deed shall be entered pursuant to this subsection (b) until the payment has been made." 35 ILCS 200/22-80 (West 2010).

¶ 29 Thus, section 22-80 requires that if a tax deed is later vacated by the trial court, reimbursement must be made to the holder of the tax deed, either by the county under subsection (a) if the tax sale was void, or by the party that successfully contested the order under subsection (b) if the tax deed was vacated for some other reason. See 35 ILCS 200/22-80 (West 2010). A tax deed is not void unless the trial court lacked jurisdiction to enter the order that directed the issuance of the tax deed. *Vulcan Materials Co. v. Bee Construction*, 96 Ill. 2d 159, 165 (1983). Tax sale proceedings are *in rem* and a trial court obtains jurisdiction over the land when the county collector makes his application for judgment and order for sale. *Id.* Once the trial court obtains jurisdiction, it retains jurisdiction to make all necessary findings and to enter all necessary orders supplemental to the original tax sale. *Id.* Thus, an order is not rendered void by error or impropriety or even by subsequent fraud, concealment, or perjury (subsequent in that it took place after the application for judgment and sale when the trial court acquired jurisdiction). *Id.* The determination of whether a party has been given the statutorily required notice goes to whether the trial court should order the issuance of the tax deed and not to whether the trial court has jurisdiction in the proceeding. *Smith v. D.R.G., Inc.*, 63 Ill. 2d 31, 35-36 (1976).

¶ 30 In the present case, it appears from our review of the statute that Nomanbhoy was entitled to reimbursement either from the county under subsection (a), which Nomanbhoy specifically states in its brief that it is not seeking, or from Lincoln Title under subsection (b). There were two counts for relief in Lincoln Title's section 2-1401 petition, one to declare the tax deed void based upon a violation of section 22-85, and the other to vacate the order directing the issuance of the tax deed because it was procured by fraud relating to Nomanbhoy's failure to comply with the section 22-5 take notice requirements. We have already determined that the deed was not "absolutely void with no right to reimbursement" as provided for in section 22-85. Although Lincoln Title asserts at various points in its brief on appeal that the deed was also void because of the failure to comply with section 22-5, that is not the basis for declaring the deed void that was asserted in the trial court. Thus, Lincoln Title cannot now assert that basis on appeal as grounds for finding the deed void. See *Norway Tree Farm, Inc.*, 8 Ill. App. 3d at 1062. Even if that assertion were not forfeited, it would still not constitute a basis for finding that the deed was void. See *Vulcan Materials Co.*, 96 Ill. 2d at 165 (once a court obtains jurisdiction to rule upon a matter, subsequent error or fraud does not render the trial court's ruling void).

¶ 31 Although Lincoln Title relies on *In re Application of the County Collector*, 367 Ill. App. 3d 34 (2006) (*Mattingly*), for its assertion to the contrary, that reliance is misplaced since the tax deed in that case was deemed void from the outset because its issuance was directed by the trial court at a time when it lacked jurisdiction due to a bankruptcy stay. See *Mattingly*, 367 Ill. App. 3d at 38-39 (statutory reimbursement requirement under section 22-80 did not apply because the tax deed was void from the outset in that it was issued by the trial court

-14-

while a bankruptcy stay was in effect and while the trial court had been divested of jurisdiction). As the tax deed in this case was not void from the outset and was subsequently vacated, Nomanbhoy was entitled to reimbursement from Lincoln Title. However, because the trial court never ordered reimbursement to be made, it would be unfair to reinstate the tax deed without giving Lincoln Title the statutory 90 days to make reimbursement. This case must be remanded, therefore, for the trial court to determine the amount of the reimbursement to be made, to set a 90-day reimbursement date, and for further proceedings consistent with this order.

¶ 32                                         CONCLUSION

¶ 33       For the foregoing reasons, we affirm the trial court's orders denying Nomanbhoy's motion to dismiss and granting Lincoln Title's section 2-1401 petition; we reverse in part the trial court's order denying Nomanbhoy's emergency motion; and we remand this case for the trial court to order Lincoln Title to pay section 22-80(b) reimbursement to Nomanbhoy, to set a 90-day reimbursement date, and for further proceedings consistent with this opinion.

¶ 34       Affirmed in part and reversed in part; cause remanded with directions.