NOTICE

Decision filed 01/27/22. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2022 IL App (5th) 160522-U

NO. 5-16-0522

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| *In re* APPLICATION OF THE COUNTY COLLECTOR FOR JUDGMENT AND ORDER OF SALE AGAINST LANDS AND LOTS RETURNED DELINQUENT FOR NON-PAYMENT OF GENERAL TAXES FOR THE YEAR 2011 DELINQUENT 2011 05-21-100-025 | ) ) ) ) ) ) ) | Appeal from the Circuit Court of Massac County. |
| (Vinod C. Gupta, | ) ) | No. 15-TX-21 |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) | |
| Delbert Sullivan and Linda Sullivan, | ) ) | Honorable James R. Williamson, |
| Respondents-Appellees). | ) | Judge, presiding. |

JUSTICE WHARTON delivered the judgment of the court.
Justice Welch concurred in the judgment.
Justice Cates specially concurred.

**ORDER**

¶ 1    *Held*:  Where the court entered an order setting aside a tax deed due to lack of notice to the property owners, the court erred in holding that the tax purchaser was not entitled to reimbursement as required by statute. Where evidence showed that the tax purchaser conducted an inquiry that was not reasonable in light of his substantial experience purchasing tax sale certificates, the court's decision to award sanctions was not an abuse of discretion. However, where the court did not make any inquiry or specific findings relating to the reasonableness of the attorney fees requested by the property owners, remand was necessary to allow the court to make this inquiry and determination.

1

¶ 2    The petitioner, Vinod Gupta, appeals an order of the trial court setting aside an order to issue a tax deed without allowing reimbursement of the redemption amount as required by statute (see 35 ILCS 200/22-80(b) (West 2014)) and an order imposing sanctions against him pursuant to Illinois Supreme Court Rule 137 (eff. July 1, 2013). Gupta acknowledges that he did not provide notice to the owners of the property, respondents Delbert and Linda Sullivan, and he concedes that the tax deed was properly vacated. He argues, however, that (1) the court abused its discretion in denying his request to amend a responsive pleading, (2) the court erred in refusing to order reimbursement of the redemption amount, and (3) the court abused its discretion in granting the Sullivans' request for sanctions. We reverse the court's ruling denying Gupta reimbursement required by statute. We affirm the court's decision to impose sanctions; however, we remand for a determination as to the reasonable amount of attorney fees to award as sanctions.

¶ 3                                    I. BACKGROUND

¶ 4    The property at issue in this appeal previously belonged to Delbert Sullivan's sister, Rosalie Whitley, and her husband, Silas Whitley. Silas died before any of the relevant events took place. In April 2005, Rosalie executed a deed conveying the property to her grandson, Jeremy Legereit, and reserving a life estate in the property for herself and her two daughters, Joyce Ann Waddell and Marilyn Steele. Legereit is Steele's son. Rosalie Whitley died on August 9, 2009. On November 25, 2009, Legereit executed a deed conveying the property to Delbert and Linda Sullivan. Attached to the deed was a release of Waddell and Steele's life estates. Both deeds were recorded with the Massac County Recorder's Office. Legereit's name was spelled "Legerit" on the April 2005 deed, but was spelled "Legereit" on the November 2009 deed.

¶ 5    The Sullivans did not pay taxes on the property. They assert that they never received the tax assessments. In February 2013, the property was sold for delinquent taxes, and Gupta purchased the tax sale certificate. The certificate indicates that taxes were assessed to Rosalie Whitley. It lists R. Whitley, J.A. Waddell, and M. Steele as individuals with life estates in the property. The name "Jeremy Legerit" appears on the next line, although the certificate does not explicitly specify his interest in the property.

¶ 6    On May 25, 2015, Gupta filed a petition in the Massac County court, alleging that he was the holder of the tax sale certificate and that the redemption date for the property was October 15, 2015. Attached to the petition were four copies of a take notice form. Gupta averred that the copies had been mailed to the Massac County Circuit Clerk with directions to mail copies to Rosalie Whitley, Silas Whitley, and the "highest executive officer" of the Western Baptist Hospital in Paducah, Kentucky.

¶ 7    In June 2015, Gupta provided notice by publication in the Metropolis Planet, a general circulation newspaper in Massac County. The published notice named Rosalie Whitley, Silas Whitley, the highest executive officer of the Western Baptist Hospital, and "unknown owners and interested parties." It stated that the property had been sold for delinquent taxes and that the redemption date was October 15, 2015.

¶ 8    On November 23, 2015, Gupta filed with the court an application for an order directing the county clerk to issue a tax deed. He alleged that he had given all required notices, that the date for redemption was October 15, and that the real estate had not been redeemed. Attached to the application was an affidavit. In it, Gupta averred that he complied with the provisions of the Property Tax Code and that he provided all required notices. He further averred that he or his agents searched the property records to determine the owners of the property. Finally, Gupta

3

averred that he caused the premises to be visited and found that there were no occupants. The court entered an order that same day directing the Massac County Clerk to issue a tax deed.

¶ 9   On January 19, 2016, the Sullivans filed a petition to set aside the tax deed pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)). They alleged that they never received notice. They further alleged that the property was deeded to them in 2009; that both the deed conveying the property from Rosalie Whitley to Jeremy Legereit and the deed conveying the property from Jeremy Legereit to the Sullivans were recorded; that the property record card on file at the county assessor's office lists the Sullivans as owners of the property; that real estate tax bills list Jeremy Legereit as the owner; that Carol and Richard Seals had rented and resided on the property since October 2009; and that the Seals's occupation of the premises should have been obvious to anyone visiting the property. The Sullivans further alleged that statements in Gupta's supporting affidavit were false and that Gupta never obtained personal jurisdiction over them due to the lack of notice. The Sullivans requested that the court enter an order finding that the November 2015 order was void and that Gupta was not entitled to reimbursement of the redemption amount. Alternatively, they requested that the court vacate its order.

¶ 10   On March 28, 2016, Gupta filed a response to the Sullivans' petition. He acknowledged that he did not provide them with notice, and he conceded that the tax deed should be set aside. Gupta, who was acting *pro se*, did not respond to most of the factual allegations contained in the Sullivans' petition.

¶ 11   On July 11, 2016, the Sullivans filed a motion for judgment on the pleadings. They argued that because Gupta's answer did not address most of the factual allegations in their petition, he was deemed to have admitted their factual allegations, including their allegation that

4

he never obtained personal jurisdiction over them. They further argued that the order for a tax deed should therefore be declared void, and that, as such, Gupta was not entitled to the redemption amount pursuant to statute (see 35 ILCS 200/22-80(b) (West 2014)).

¶ 12    On August 3, 2016, Gupta filed a motion for leave to file an amended response. He argued that by admitting in his initial response that he did not provide the Sullivans with the required notice, he had "answered the substance and main allegation of Sullivan." He requested permission to cure any defect in his response by filing an amended pleading that would address all of their factual allegations. The Sullivans filed an objection to Gupta's motion the following day.

¶ 13    On August 19, 2016, the court entered a written order denying Gupta's motion for leave to file an amended response and granting the Sullivans' motion for judgment on the pleadings. The court found that Gupta was not entitled to file an amended response because he provided no explanation for failing to admit or deny each of the Sullivans' factual allegations in his original response. The court further found that by failing to respond to these allegations, Gupta admitted the allegations in the Sullivans' petition, including their allegations that there was a "total failure" to provide required notices, that he never obtained personal jurisdiction over them, and that statements in his supporting affidavit were false. The court declared that the November 2015 order for a tax deed was void in its entirety and that Gupta was not entitled to the redemption amount because the order was void.

¶ 14    On September 13, 2016, the Sullivans filed a motion for sanctions pursuant to Illinois Supreme Rule 137 (eff. July 1, 2013). The court held a hearing on that motion on October 28, 2016. The only two witnesses to testify were Gupta and Delbert Sullivan.

5

¶ 15    Gupta acknowledged that he did not provide notice to the Sullivans. He testified that he would have done so had he been aware that they owned the property. Gupta testified that he is a Florida resident who regularly purchases tax deeds to properties in southern Illinois and other states. He does not conduct title searches on the properties himself. Rather, he relies on local agents to conduct the searches on his behalf. Two individuals—Julie Dunn and Sherry Lang—usually do title searches on properties in southern Illinois, although he could not recall which of them had done the title search involved in this case. Gupta testified that these individuals had worked for him for 20 years.

¶ 16    Gupta was asked what records were searched by the title searcher involved in this case. He stated that his title searchers always searched the records of the recorder of deeds and the circuit court. He did not know what, if any, other records were searched. Counsel for the Sullivans asked, "Do you know if they searched the property tax records in Massac County?" Gupta replied, "Usually they do, but I cannot say for sure of this one." Counsel showed Gupta a copy of the property record card maintained by the county assessor. The card listed the Sullivans as owners. Gupta acknowledged that he had never seen the property record card and that he did not know whether his title searcher had seen it. Counsel also showed Gupta a copy of a page in the tax collector's warrant book. Gupta acknowledged that it showed that taxes on the property were assessed to Jeremy Legereit. He pointed out, however, that it also showed that the taxes had been paid by Vinod Gupta. He further acknowledged that he did not know whether the title searcher examined the collector's warrant book, the property record card, or the tax bills from the county treasurer's office.

¶ 17    Gupta testified that he believed any errors on the part of his title searcher were unintentional. He opined that the failure to identify the true owners of the property likely

6

occurred due to the misspelling of Jeremy Legereit's name on one of the deeds. Gupta explained that when searching documents on the computer, if a name is spelled incorrectly, even if it is only off by one letter, "it may not show up the other recorded documents." He acknowledged, however, that he did not send notice to Jeremy Legereit.

¶ 18 Delbert Sullivan acknowledged that he did not pay taxes on the property. He testified, however, that he believed he was paying the taxes. He explained that when he acquired the property, he instructed the county clerk's office to "attach" the property to adjoining property he already owned. He further explained that he purchased an additional acre of land at around the same time he bought the property at issue here from Jeremy Legereit. His tax bill went up after he acquired the two new properties, and he "never paid attention to the parcel numbers." For these reasons, he assumed that the tax bills he was receiving included taxes on all of the properties the Sullivans owned.

¶ 19 On November 14, 2016, the court entered an order awarding the Sullivans sanctions in the amount of $4737.50, the amount the Sullivans paid in attorney fees. The court found that "substantial portions" of the statements in Gupta's supporting affidavit were not well-grounded in fact or warranted by existing law and were either misrepresentations or "deliberately false" statements. This appeal followed.

¶ 20                                    II. DISCUSSION

¶ 21                     A. Right to Receive the Redemption Amount

¶ 22 Gupta first argues that the court erred in denying him the right to receive the redemption amount required by statute. He argues that the language of the pertinent statute—section 22-80(b) of the Illinois Property Tax Code (35 ILCS 200/22-80(b) (West 2014))—"is clear and

unambiguous." In response, the Sullivans argue that the statutory provision does not apply because the order for a tax deed in this case was void *ab initio*. We agree with Gupta.

¶ 23    Before addressing the merits of the parties' contentions, we note that the court ruled on the Sullivans' petition on the pleadings without holding an evidentiary hearing. Our review of this issue is therefore *de novo*. *In re Application of the County Treasurer & ex officio County Collector*, 2013 IL App (3d) 120999, ¶ 28 (hereinafter *Lincoln Title*).

¶ 24    The purpose of the tax sale provisions in the Illinois Property Tax Code " 'is to coerce tax delinquent property owners to pay their taxes, not to assist tax petitioners in depriving the true owners of their property.' " *In re Application of the County Treasurer*, 347 Ill. App. 3d 769, 777 (2004) (hereinafter *HomeSide Lending*) (quoting *In re Application of the County Collector*, 295 Ill. App. 3d 703, 710 (1998)). To that end, the notice provisions mandate that appropriate notice be provided to all parties with sufficient interest in the property informing them of the tax delinquency, the tax sale, and the time for redemption. *Id.* In addition, section 22-45 of the Property Tax Code (35 ILCS 200/22-45 (West 2014)) operates in conjunction with section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)) to provide an avenue of relief to property owners when a tax deed is issued despite a lack of appropriate notice or when a tax deed is otherwise issued in error. See *In re Application of the County Collector*, 397 Ill. App. 3d 535, 543 (2009) (hereinafter *Devon Bank*).

¶ 25    Section 22-45 limits the grounds on which a tax deed can be contested under section 2-1401. The statute specifically limits 2-1401 relief to the following four grounds: (1) proof that the taxes on the property were paid before the tax sale occurred; (2) proof that the property is tax-exempt; (3) proof by clear and convincing evidence that the tax deed was obtained through fraud or deception; or (4) proof that any person or entity with a recorded interest in the property

8

was not named as a party in the published notice and that the tax purchaser did not make a diligent inquiry and effort to serve that party with other notices required under the Property Tax Code. 35 ILCS 200/22-45 (West 2014). At issue in this case is the fourth ground for relief—proof that Gupta did not name the Sullivans in the published notice and that he did not make a diligent inquiry or effort to serve them with the other required notices. See *id.* § 22-45(4).

¶ 26    Significantly, section 22-45(4) serves as a basis for relief only if both of its express requirements are satisfied—that is, it applies only if a party with a recorded interest is not named in the published notice *and* the tax purchaser fails to exercise due diligence. See *DG Enterprises, LLC-Will Tax, LLC v. Cornelius*, 2015 IL 118975, ¶¶ 30-32. Thus, the lack of due diligence emphasized by the Sullivans is an inherent component of their right to relief.

¶ 27    Although the loss of property by its owner "without compensation has been described as 'shocking,' *** there are important policy concerns and property interests on both sides of the equation." *Devon Bank*, 397 Ill. App. 3d at 543. Preserving the marketability of tax deeds is a way to "return[ ] property to the tax rolls" when it is not redeemed. See *id.* Our legislature has tried to balance these competing concerns through the statutes governing property tax sales. *DG Enterprises*, 2015 IL 118975, ¶ 32; *HomeSide Lending*, 347 Ill. App. 3d at 777. Thus, section 22-80 requires that orders setting aside tax deeds direct that certain payments be made to the tax purchaser. If the tax deed is set aside because the property is tax-exempt, the taxes were paid before the tax sale, or the tax sale was void for some other reason, the order setting aside the tax deed must direct the county collector to refund all taxes and special assessments the tax purchaser paid on the property along with various other costs incurred in acquiring the tax deed. 35 ILCS 200/22-80(a) (West 2014). If the tax deed is set aside for other reasons, the order setting it aside "shall direct the party who successfully contested the entry of the order" for a tax deed to

9

pay to the tax purchaser the amount necessary to redeem the property, any amounts paid by the tax purchaser to satisfy municipal liens, and specified costs incurred in acquiring the tax deed. *Id.* § 22-80(b).

¶ 28    The Sullivans argue, however, that the order directing the issuance of a tax deed in this case was void, and section 22-80 never applies "in situations where the tax deed was void *ab initio*." We are not persuaded.

¶ 29    As the Sullivans correctly contend, an order is void if the court lacks jurisdiction to enter it. See *Devon Bank*, 397 Ill. App. 3d at 542. They contend that the trial court did not have personal jurisdiction over them due to the lack of proper notice. However, tax sale proceedings involve *in rem* jurisdiction. Once the county collector applies for a judgment and order for sale due to delinquent taxes, the court acquires *in rem* jurisdiction over the property, and the court "retains jurisdiction to make all necessary findings and to enter all necessary orders supplemental to the original tax sale." *Lincoln Title*, 2013 IL App (3d) 120999, ¶ 29. Subsequent improprieties do not cause a court to lose jurisdiction or render its orders void. *Id.* "The determination of whether a party has been given the statutorily required notice goes to whether the trial court should order the issuance of the tax deed and not to whether the trial court has jurisdiction in the proceeding." *Id.* (citing *Smith v. D.R.G., Inc.*, 63 Ill. 2d 31, 35-36 (1976)).

¶ 30    In support of their claim that the order for a tax deed was void and that Gupta cannot be reimbursed under section 22-80(b), the Sullivans rely heavily on *In re Application of the County Collector*, 367 Ill. App. 3d 34 (2006) (hereinafter *Phoenix Bond*). That case, however, involved a unique set of circumstances in which the trial court lacked subject matter jurisdiction due to pending bankruptcy proceedings. See *id.* at 38-39. Thus, it is inapplicable to the facts and circumstances of the case before us. See *Lincoln Title*, 2013 IL App (3d) 120999, ¶ 31

10

(distinguishing *Phoenix Bond* on this same basis). Our research has uncovered no other cases in which tax purchasers were denied the reimbursement mandated by section 22-80.

¶ 31    Finally, we note that, to the extent the Sullivans rely on Gupta's failure to respond to each of the specific allegations in their 2-1401 petition, we find their reliance to be misplaced. As discussed earlier in this decision, the Sullivans alleged that Gupta failed to obtain personal jurisdiction over them and that the order for a tax deed was void. These are legal conclusions, however, not factual allegations. We therefore find that Gupta's failure to specifically respond to these claims has no legal effect on his right to reimbursement. For these reasons, we conclude that Gupta was entitled to be reimbursed in accordance with section 22-80(b). We note that, in light of this conclusion, we need not consider Gupta's arguments concerning the trial court's decision to deny his request for leave to file an amended response to the Sullivans' 2-1401 petition.

¶ 32                                    B. Sanctions

¶ 33    Gupta next challenges the court's decision to impose sanctions under Rule 137. He argues that the court should not have imposed sanctions because his failure to provide notice to the Sullivans was based on reasonable mistakes and there was no basis to support the court's finding that he made deliberately false statements in his pleadings. We reject this contention.

¶ 34    Rule 137 provides that the signature of an attorney or *pro se* party on a pleading constitutes a certification "that to the best of his knowledge, information, and belief[,] *formed after reasonable inquiry*[,] it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." (Emphasis added.) Ill. S. Ct. R. 137(a) (eff. July 1, 2013). The rule further provides that if a pleading is signed in violation of these requirements, "the court, upon motion or upon its own initiative, may impose

11

*** an appropriate sanction, which may include" an order to pay the costs incurred by an opposing party because of the pleading, including reasonable attorney fees. *Id.*

¶ 35    The rule imposes on parties and their attorneys "an affirmative duty to conduct an inquiry of the facts and law prior to filing an action, pleading, or other paper." *Couri v. Korn*, 202 Ill. App. 3d 848, 855 (1990). The party requesting Rule 137 sanctions bears the burden of proving they are appropriate. *In re Marriage of Schneider*, 298 Ill. App. 3d 103, 109 (1998). To satisfy this burden, the moving party must show that the opposing party pled untrue allegations of fact without reasonable cause. *Couri*, 202 Ill. App. 3d at 855.

¶ 36    Because Rule 137 is punitive in nature, a request for sanctions should only be granted "in those cases falling strictly within its terms." *Id*. However, the decision to impose sanctions is a matter within the trial court's discretion. *Id*. We will not reverse the court's decision absent an abuse of that discretion, which occurs only where no reasonable person could agree with the court's conclusion. *Enbridge Pipeline (Illinois), LLC v. Hoke*, 2019 IL App (4th) 150544-B, ¶ 49. This standard of review is highly deferential because the conduct at issue occurred in the trial judge's presence, placing the trial judge in a far better position than we are to determine whether sanctions are appropriate. *Mohica v. Cvejin*, 2013 IL App (1st) 111695, ¶ 78.

¶ 37    Although we agree that there is no evidence that Gupta deliberately made false statements in his pleadings, there is ample evidence in the record before us from which the court could find that his application for a tax deed was not well-grounded in fact and that he did not conduct the reasonable inquiry mandated by Rule 137 before filing it. The Sullivans presented evidence demonstrating that several available property records named them as the owners of the property. Although Gupta claims that his title searchers could not have discovered the Sullivans' interest in the property due to a misspelling of Jeremy Legereit's name on a deed in the chain of

12

title, a search of all relevant records using the property's property identification number and/or address would have revealed that the Sullivans had an interest in the property.

¶ 38    Further, as we mentioned earlier, Legereit's name appeared on the tax sale certificate itself, which also listed three individuals having life estates in the property. This alone should have put Gupta on notice that there were individuals other than the Whitleys with interests in the property. It is worth noting that Gupta admitted that he never even attempted to provide notice to Legereit, and there is no evidence that he attempted to provide notice to Waddell or Steele who were named on the tax sale certificate along with Legereit.

¶ 39    Significantly, as Gupta acknowledged at the hearing, he regularly engages in the business of purchasing tax sale certificates throughout southern Illinois and in multiple other states. The trial court could take into account the fact that Gupta is an experienced tax purchaser in assessing the reasonableness of his conduct. See *Couri*, 202 Ill. App. 3d at 855 (explaining that the standard is what conduct is reasonable "under the circumstances existing at the time of the filing"). We find no abuse of the trial court's discretion in its decision to impose sanctions.

¶ 40    However, we find that the court failed to consider whether the amount requested by the Sullivans constituted "reasonable attorney fees." In considering an award of reasonable attorney fees as a Rule 137 sanction, trial courts should consider factors such as the skill and standing of the moving party's attorney, the nature of the case, the difficulty and novelty of the issues, the usual and customary charge for similar legal services in the community, and the nexus between the litigation and the fees charged. *Robertson v. Calcagno*, 333 Ill. App. 3d 1022, 1028 (2002) (citing *Olsen v. Staniak*, 260 Ill. App. 3d 865, 865 (1994)). Because Rule 137 sanctions are punitive, courts "are not required to review each and every reimbursable component" of the award. *Father & Sons Home Improvement II, Inc. v. Stuart*, 2016 IL App (1st) 143666, ¶ 68.

13

However, the court may not simply "rubber-stamp" a party's petition for fees without conducting any inquiry to the reasonableness of the fees requested or their connection to the litigation. See *id.* ¶ 72; *Robertson*, 333 Ill. App. 3d at 1029.

¶ 41 We recognize that a trial court's determination as to the reasonableness of attorney fees may not be reversed absent an abuse of the court's discretion. *Robertson*, 333 Ill. App. 3d at 1028. Here, however, the trial court did not exercise its discretion. While the court held a hearing and made factual findings concerning the propriety of imposing sanctions at all, it did not consider evidence or make findings concerning the reasonableness of the attorney fees requested by the Sullivans. We must therefore remand this matter to the trial court to allow the court to make that determination.

¶ 42                                III. CONCLUSION

¶ 43 For the foregoing reasons, we reverse the portions of the order to set aside the tax deed where the court found that the order for a tax deed was void and that Gupta was not entitled to reimbursement under section 22-80. We remand this matter to the trial court with directions to amend the order setting aside the tax deed to comply with section 22-80 of the Property Tax Code (35 ILCS 200/22-80 (West 2014)). We also affirm the court's decision to impose sanctions; however, we remand with instructions to conduct an inquiry and make a determination as to the reasonableness of the attorney fees.


¶ 44 Affirmed in part and reversed in part; cause remanded with directions.

¶ 45    JUSTICE CATES, specially concurring:

¶ 46    I agree with my colleagues' determination that the circuit court erred in finding that Gupta was not entitled to reimbursement of the redemption amount of the tax deed. I also agree that this case should be remanded to the circuit court with directions to amend its order setting aside the tax deed and to comply with section 22-80 of the Property Tax Code (Code) (35 ILCS 200/22-80 (West 2014)). I write separately to highlight the specific requirements of section 22-80 and to clarify the other issues to be resolved on remand, so that the parties, including the *pro se* litigant, will understand the scope of the proceedings on remand.

¶ 47    Section 22-80(b) of the Code provides in pertinent part:

"Except in those cases described in subsection (a) of this Section, *** any order of [the] court finding that an order directing the county clerk to issue a tax deed should be vacated shall direct the party who successfully contested the entry of the order to pay to the tax deed grantee *** within 90 days after the date of the finding:

(1) the amount necessary to redeem the property from the sale as of the last day of the period of redemption, *** and

(2) amounts in satisfaction of municipal liens paid by the tax purchaser or his or her assignee, and the amounts specified in paragraphs (1) and (3) of subsection (a)[1] of this Section, to the extent the amounts are not included in paragraph (1) of this subsection (b).

---

[1]Paragraphs (1) and (3) of subsection (a) of section 22-80 provide for refunds of the following amounts: "(1) all taxes and special assessments purchased, paid, or redeemed by the tax purchaser or his or her assignee, or by the tax deed grantee or his or her successors and assigns, whether before or after entry of the order for tax deed, with interest at the rate of 1% per month from the date each amount was paid until the date of payment pursuant to this section; *** (3) court reporter fees for the hearing on the application for tax deed and transcript thereof, cost of certification of tax deed order, cost of issuance of tax deed, and cost of recording of tax deed." 35 ILCS 200/22-80(a) (West 2014).

If the payment is not made within the 90-day period, the petition to vacate the order directing the county clerk to issue a tax deed shall be denied with prejudice, and the order directing the county clerk to issue a tax deed shall remain in full force and effect. No final order vacating any order directing the county clerk to issue a tax deed shall be entered pursuant to this subsection (b) until the payment has been made." 35 ILCS 200/22-80(b) (West 2014).

¶ 48 Here, we have concluded that the tax deed order was not void and that Gupta is entitled to reimbursement under section 22-80(b). Thus, the Sullivans will be required to repay the redemption money to Gupta as a prerequisite to obtaining a final order vacating the issuance of the tax deed. 35 ILCS 200/22-80(b). Accordingly, upon remand, the circuit court should vacate that portion of the order of August 19, 2016, finding that Gupta is not entitled to the redemption amount referred to in section 22-80(b). In addition, the circuit court should hold a hearing to determine the amount of the reimbursement, including all sums properly paid for the tax sale certificate, including municipal liens, interest, and costs as set forth in section 22-80(b). Because the circuit court had not previously ordered a reimbursement under section 22-80(b), the court should set a 90-day reimbursement date and direct the Sullivans to reimburse Gupta within that 90-day period. Should the Sullivans fail to pay the reimbursement within the time specified by the circuit court, then their petition to vacate the order directing the county clerk to issue the tax deed shall be denied with prejudice.

¶ 49 I also concur in my colleagues' determination that the decision to impose sanctions upon Gupta was not an abuse of discretion. I agree that the circuit court provided no findings regarding the reasonableness of the attorney fees requested, and that the fees awarded must be vacated and the cause remanded to the circuit court to consider evidence and to make findings

16

regarding the reasonableness of the requested fees. In considering an award of attorney fees, a court considers a variety of factors, including the nature of the case, the skill and standing of the attorney employed, the novelty and difficulty of the situation involved, the usual and customary fees charged for the same types of services, and whether there is a reasonable connection between the fees charged and the litigation. *Olsen*, 260 Ill. App. 3d at 865-66. Only those fees that are reasonable will be awarded, and the party requesting the fees has the burden to present sufficient evidence from which the court can decide the issue of reasonableness. *Olsen*, 260 Ill. App. 3d at 866. On remand, the Sullivans will have the opportunity to present evidence in support of their request for attorney fees as a sanction under Rule 137. Likewise, Gupta will have an opportunity to be heard on the appropriate amount of the sanctions. This would include his contention that he offered to set aside the tax deed to settle the case and avoid further litigation expenses in early March 2016. In assessing a sanction under Rule 137, the circuit court should consider all relevant factors, including whether the attorney fees requested were incurred because of the sanctionable conduct.

¶ 50    I agree with the majority's analysis in all other respects and respectfully concur.

17